REDMANN, Judge,
dissenting in part.
One problem with the majority’s literal-mindedness about the penal clause is that it would entitle the seller to forfeit the deposit and collect attorney’s fees because, quite expressly, the seller can forfeit the deposit “without formality beyond tender of title” to be so entitled, and our seller did tender title. (This is a piece of nonsense, of course, arising from the questionable use of a standard buy-sell form instead of an appropriate contract.)
The correct result is that neither party should pay penalty and attorney fees. A party who invokes a penalty clause bears the burden of proving facts entitling that party to the penalty, and neither party here bore that burden of proof.
The seller cannot collect from the buyers because the seller did not prove that its 4 p. m. tender of performance was that impliedly required by the contract (“ready to move into for above price”),[1] and the seller did not make a later tender before sunset that day when the fire blocking had been completed.
The buyers equally cannot collect penalties from the seller because the buyers admittedly did not “offer to receive the performance at the time and place stipulated in the contract . .., and he cannot avail himself of any demand at any other time ...” La. C.C. 1914. The time for perform- *816 anee is “until sunset of the last day . . . La. C.C. 2057, which was 5:47 p. m. on February 13,1978, in the New Orleans area, and a demand for performance by 3 p. m. (or even by the 4 p. m. act) does not avail the buyers.
One who reads this record will know that this is not a case of buyers who wanted to buy against a seller who did not vfant to sell. Quite the contrary. The buyers did not want to buy the house because the builder (rightly or wrongly) would not rebuild an interior wall that was not geometrically true. The buyers seized upon the missing fire blocking (and other trifles) as an easy escape from their obligation, rather than accept the house and then fight over the tolerances within which a less-than-ideal wall must be accepted by a buyer.
Thus the first-and most difficult-question in this case is whether the buyers succeed at all in escaping their obligation to buy (under penalty of forfeiture of their deposit). The factual and legal issues are both close, but a court of appeal can permit to stand the trial judge’s factual conclusion that fire blocking was not completed as of the 4 p. m. act of sale (see note 1), and we have reached the important legal conclusion that the doctrine of substantial performance does not apply to the obligation to build contained within a buy-sell contract for a house being built on the builder’s land.
But it is absurd to treat the buyers as if they were ready and willing to perform, and the seller as if it were the villain in this piece. It is the buyers who were unwilling to perform; they refused title at 4 p. m. on a flimsy but (we find) justifiable pretext, and they refused to allow completion or even to verify completion of the fire blocking after their 3 p. m. inspection. The builder was somewhat dilatory in not having the fire blocking completed by the 3 p. m. inspection he agreed to: but 3 p. m. was not the last time for performance of his obligation under the contract which provided the penalties here imposed.
Our original decree should be reinstated.